UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-117-HRW

LISA HAMM,                                                                    PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges disability beginning on January 1, 2001, due to manic depression or a bipolar disorder (Tr. 13). Upon Plaintiff's request, on October 6, 2004 an administrative hearing was conducted by Administrative Law Judge Douglass Custis (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel,

1

testified as did Robert Breslin. a vocational expert (hereinafter "VE").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 25, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-19). The ALJ determined that Plaintiff suffered from a schicoaffective disorder bipolar type, which he found to be "severe" within the meaning of the Regulations (Tr. 18). The ALJ further found that Plaintiff's

impairments did not meet or medically equal any of the listed impairments (Tr. 18). The ALJ also found that Plaintiff could perform her past relevant work, which included work as a packer, buffer and cook (Tr. 18). Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 20, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is the ALJ erred by not giving controlling weight to the opinion of Dr. Sylvia Colmenares, her treating psychiatrist. In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In a questionnaire regarding Plaintiff's psychological abilities, Dr. Colmenares opined that Plaintff has marked restrictions of activities of daily living, marked difficulties in maintaining social functioning, deficiencies of concentration,

persistence or pace resulting in frequent failure to complete tasks in a timely manner and marked episodes of deterioration or decompensation in work or work-like settings (Tr.151). The ALJ found that the other evidence of record "just does not support that degree of limitation" (Tr. 16).

At the outset, the Court notes that the questionnaire was completed on June 6, 2003, after the date last insured. Plaintiff insists that the opinions expressed therein are based upon Dr. Colmenares' treatment of her since November 2002. Even assuming that Dr. Colmenares' opinion expressed on in June of 2003 is relevant to the period of adjudication, Plaintff has failed to carry her burden in demonstrating that the ALJ erred in discrediting it. For example, Dr. Colmenares found that Plaintff was markedly limited in her daily activities. Yet, the record reveals that Plaintiff cooks, drives, does housework, cares for her children and helps them with her homework (Tr. 172, 256). Dr. Colmenares also opined that Plaintiff has deficiencies in concentration, persistence or pace which have resulted in frequent failures in her ability to complete tasks in a timely manner. Yet, there is nothing in her treatment notes which documents or supports this. Moreover, this conclusion is directly contradicted by the findings of the consultative examiner, Dr. Jennifer Fishkoff, who found that Plaintff had no problems with concentration, sustaining attention or understanding directions (TR. 173-174).

5

Given the lack of supporting treatments and the inconsistency with other, credible medical evidence, the Court finds that the ALJ did not err in discounting the opinion of Dr. Colmenares.

Having reviewed the record, the Court finds that the ALJ's decision is supported by substantial evidence.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 7, 2006.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge